ROGERS, J.
 

 Tliis suit is one sounding in damages for the alleged unlawful removal of the electric meter from plaintiff’s residence. The court below rejected plaintiff’s demands, and he has appealed.
 

 On October 1, 1925, plaintiff and his family moved into the premises No. 218 South Scott street in the city of. New Orleans. At that time, upon plaintiff’s 'written application, and a cash deposit, defendant agreed to furnish, and thereafter did furnish, the necessary electricity for plaintiff’s residence. On November 25, 1925, plaintiff complained that he was having trouble with his electric service and the defendant sent one of its employes to investigate the complaint. Upon his arrival at the premises, defendant’s employé found that some of the lights were not burning, which condition he promptly remedied by the simple process of installing a new fuse plug. Then, according to the usual custom, he examined the meter for the purpose of ascertaining whether it was registering properly, when he discovered that the seals of the defendant company were broken, and, upon a closer inspection, that a small piece of wire or hairpin had been inserted into the apparatus in such a manner as to retard the movement of the disc or wheel governing the registration of the amount of electricity passing through .it. He directed the attention of plaintiff, plaintiff’s wife, and plaintiff’s daughters, who were present, to the conditions found, and informed them that he would have to remove the meter immediately. Plaintiff and the members of his family who were present declared that they knew nothing about the damage to the meter, and vigorously protested against its removal. Upon their insistence, defendant’s employé telephoned defendant’s office for instructions, and was specifically ordered to remove the apparatus, which he did, despite the continued protests of plaintiff and his family. Later the feed wires leading into the premises were cut by the employés of the defendant. The meter was replaced on the evening of November 27, .1925, after repeated efforts had been made by the plaintiff and members of his family to accomplish that end, and after plaintiff, through his attorneys, had threatened to resort to the courts for relief. During the interval the occupants of plaintiff’s residence were deprived of all electric service.
 

 The defense set up in answer to the suit, which was filed on December 26, 1925, was that the meter containing the broken wire constituted a fire hazard, and that defendant, under the terms and conditions of its contract with plaintiff, was authorized to remove it.
 

 On the trial of the case, the defendant made no serious attempt to sustain its defense that the meter' was a fire hazard. It confined its efforts solely to the introduction of testimony tending to show that the apparatus had been tampered with and, by innuendo, that it was the work of the plaintiff. Defendant contended, as it contends in this court, that its action was justified under the clause in the contract, which was a reasonable one, authorizing it to remove its meter in order to protect itself from fraud and abuse.
 

 Conceding the reasonableness of the regulation relied on by defendant, nevertheless it must be reasonably applied. Obviously, it is only the fraud or abuse committed by the consumer or, perhaps, by those for whom he is responsible, and not by third persons having no connection or relation with him, that is within the rule. The defendant made no charge, save by indirection in the testimony, that plaintiff was guilty of any fraud or abuse in connection with its meter. We
 
 *125
 
 are satisfied, from our examination of the record, that the apparatus was tampered with; hut we are by no means convinced that it was tampered with by the plaintiff, wiio had been living in the premises less than two months prior to the discovery of the mischief, which resulted solely from the complaint lodged by him with the defendant company. Mor, it is plain, was the defendant, itself, satisfied that such was the case, else it would not have reinstalled the meter in the premises.
 

 Obviously, if the meter was removed because it was a fire hazard, it was the duty of the defendant to immediately replace it with another meter, so that plaintiff and his family would not be deprived of all electric service. Obviously, again, if the meter was removed solely because it had been tampered with, but without any charge that plaintiff was guilty of the act, the obligation rested upon defendant to proceed in the same way. However, it did not do this. The day following the removal of the meter was Thanksgiving, and the agents of defendant in charge of the matter went on a fishing trip, leaving plaintiff to get along the best way hei could until their return. Late in the evening of the next day, -after defendant had received the communication from plaintiff’s attorney, the meter was reinstalled in plaintiff’s residence.
 

 Our conclusion is that the case presents all the elements of responsibility in damages. In our inquiry to ascertain the nature and amount of these damages, we do not find that plaintiff has established his claim that his rheumatic or synovitic condition was, by the mere deprivation of treatment by electric heat for a period of 48 hours, converted into an incurable case of nephritis and arthritis of the sacro-iliac joint and of the joints of the spine. We do find, however, that plaintiff and his family were deprived of all electric service for 48 hours, during which time they suffered much discomfort and inconvenience. They were compelled to use ordinary candles for lighting purposes, and because of the lack of a proper lighting system were obliged to retire much earlier than was their usual custom. They were forced to abandon a social entertainment which they had arranged for a few of their friends for Thanksgiving night, with the necessary and humiliating explanation to the invited guests. Plaintiff, himself, has been a sufferer from rheumatism or synovitis for a number of years, and, undoubtedly, his condition was aggravated by the excitement and nervous tension superinduced by the removal of the meter and the absence of all electrical service. We think, under all the circumstances of this case, that $500 is a reasonable allowance for the damages sufferred by plaintiff.
 

 Por the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of William J. Pinnin, plaintiff, against thei New Orleans Public Service, Inc., defendant, in the full sum of $500, with legal interest thereon from judicial demand until paid, and for all costs of suit.